Dear Representative Dupre:
This office is in receipt of your opinion request concerning the authority of the Terrebonne Parish Consolidated Government to adopt zoning procedures and regulations. Specifically, you ask the following questions:
 (1) Can the Terrebonne council adopt zoning procedures which differ from those established by general law, i.e., R.S. 33:4721 et seq., applicable to municipalities and R.S. 33:4780.40
et seq., applicable to the unincorporated areas of the parish?
 (2) Can the parish governing authority, by proposition, allow the voters of the unincorporated areas of the parish to decide if the governing authority will exercise zoning authority in the unincorporated areas of the parish? How binding on the governing authority would such a proposition be?
 (3) If the answer to the first part of question 2 is yes, can this be done in a local option fashion, i.e., can the parish governing authority authorize the voters of each councilmanic district or ward to decide whether the parish governing authority will exercise zoning authority in their district or ward?
 (4) If the governing authority does exercise zoning authority throughout the parish and can adopt procedures which vary from general law, can those procedures include a requirement that the voters in a particular zone approve their zoning designation?
 (5) If the answers to questions 1 and 4 are yes, can a requirement that the voters of a zone approve a zoning designation be applied only in the unincorporated areas of the parish?
LSA-R.S. 33:4721, et seq., concerns building regulations for municipalities while LSA-R.S. 33:4780.40 et seq., provides for zoning regulations for parishes. The latter rather than the former appears to contain the pertinent law for our discussion.
While those statutes authorize regulation powers, the intent of those provisions, presented in LSA-R.S. 33:4780.50, clearly states their permissive, non-mandatory nature:
 A. The provisions of this Subpart are designed and intended to supplement existing law; accordingly, nothing in this Subpart shall be construed to limit, supersede, or repeal any grant of zoning authority heretofore granted to any parish, or parish governing authority either by statute or home rule charter.
 B. In addition, the provisions of this Subpart shall not affect municipalities unless the municipal governing authority adopts by ordinance the parish zoning regulations.
 C. In accordance with Article VI, Section 6
of the Constitution of Louisiana, the provisions of this Subpart shall not apply to, nor otherwise be construed to change or affect the structure and organization or the particular distribution and redistribution of the powers and function of any parish, parish governing authority, zoning commission, board of adjustments, or other board or commission of any parish which operates under a home rule charter, including but not limited to the term of office of any members, or their duties and responsibilities.
Terrebonne Parish operates under a home rule charter approved by the voters on July 11, 1981. Section 1-06 of that charter mandates:
 The Parish Government shall have the right, power, and authority to pass all ordinances requisite or necessary to promote, protect, and preserve the general welfare, safety, health, peace, and good order of the Parish, including, but not by way of limitation, the right, power, and authority to pass ordinances on all subject matters necessary, requisite or proper for the management of Parish affairs, and all other subject matter without exception, subject only to the limitation that the same shall not be inconsistent with the constitution or expressly denied by general law applicable to the Parish.
Additionally, Section 2-11(A)(16) requires that any adoption or modification of the zoning plan, maps, and regulations requires an act by ordinance of the Parish Council. By its own charter, the Terrebonne Parish Council is empowered to regulate zoning within its jurisdiction. LSA-R.S. 33:4780.50 explicitly defers to this authority. Therefore, in answer to your first question, the Terrebonne Parish Council may adopt zoning procedures which differ from those established in LSA-R.S. 33:4780.40 et seq.
Your second query asks whether the parish council can propose to the voters of the unincorporated areas of the parish the question of whether the council will exercise zoning authority in those areas. In the case of St. John the Baptist Parish Association ofEducators v. Brown, 465 So.2d 674 (La. 1985), the Louisiana Supreme Court held that unless a proposition or question was specifically authorized by the Louisiana Constitution, statute or home rule authority that election was prohibited. Because the Terrebonne Parish Home Rule Charter does not authorize the submission of this issue to the voters, it is the conclusion of this office that such an election cannot be conducted.
However, the council may pass an ordinance or amend its home rule charter to provide for such a proposition. Note that any proposed charter amendment must conform with Section 7-04 of the parish's home rule charter which provides the required procedure for amending or repealing the charter.
Should one of these methods be exercised to provide for the proposition at issue, your third question of whether the council may authorize the voters of each district or ward to decide whether the council will exercise zoning authority in their district or ward can be answered in the affirmative. Such an election is analogous to a local option election. We find nothing in the state's constitution or statutes to prohibit a local option vote on zoning regulations.
Therefore, pursuant to the general and special powers granted to the parish governing authority by the home rule charter, it is our opinion that, under the facts of this query, a local option proposition to the voters may be authorized by ordinance or amended charter.
As per whether zoning procedures adopted by the council may include a requirement that voters in a particular zone approve their zoning destination, we refer you to the answer given the first question. If the home rule charter is amended or an ordinance is passed to provide for this voter approval, such approval would be permitted.
Finally, you ask if a requirement that the voters of a zone approve a zoning designation may be applied only in the unincorporated areas of the parish. Similar to question #3, this would have the guise of a local option election. Should the approval conform with the pertinent amendment or ordinance passed in this regard, nothing prohibits its limited application to unincorporated areas. As this office stated in Opinion 81-690, "[w]hen a parish ordinance is not to extend into the incorporated limits of a municipality, the parish governing authority should be able to limit the public referendum to the incorporated areas of the parish."
I trust this addresses your concerns. Please contact this office if you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:gbe